```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/17/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
ERICH LEDERMANN,                                                :
:
                              Petitioner,     :    1:19-cv-01961-GHW
:
            -against-           :    MEMORANDUM
:    OPINION AND ORDER
ALEXANDER KIBRIK,                                                :
:
                             Respondent.   :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      Petitioner Erich Ledermann ("Ledermann" or "Petitioner") seeks to confirm an arbitration award obtained against Alexander Kibrik ("Kibrik" or "Respondent") pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. For the reasons that follow, Ledermann's petition to confirm the arbitration award is GRANTED.

## I. BACKGROUND

      In November 2016, Petitioner instituted an arbitration proceeding against Respondent in front of the Financial Industry Regulatory Authority ("FINRA"), asserting causes of action which included, among others, breach of fiduciary duty, breach of contract, and unauthorized trading. Compl., Ex. 1 ("FINRA Award"), at 1. Petitioner claims that Respondent, who served as Petitioner's broker, ignored Petitioner's instruction to keep all of Petitioner's funds in cash and that Respondent instead invested Petitioner's funds in a small Chinese company which was subsequently delisted and collapsed. Compl. at 1; Affidavit of Erich Ledermann, Dkt. No. 8 ("Ledermann Aff.").

      The panel of FINRA arbitrators scheduled an evidentiary hearing for January 16, 2018. FINRA Award at 2. On January 14, 2018, Respondent submitted a request that the hearing be adjourned, but that request did not reach the panel until January 17, 2018. *Id.* Because Respondent

did not appear at the January 16, 2018 hearing, the panel requested that Respondent provide the panel with information regarding why he was unable to attend the previous hearing. After some correspondence, the panel scheduled a final hearing date for February 13, 2018. *Id.* At that hearing, Respondent filed a motion to dismiss pursuant to FINRA Rule 12206. *Id.* The panel denied Respondent's motion to dismiss as untimely and without merit. *Id.* On February 27, 2018, after considering the pleadings, the testimony, and evidence presented at the hearing, the FINRA panel issued an award in Petitioner's favor in the sum of $413,045.11 in compensatory damages and $6,035.00 in interest. *Id.* at 3.

On February 28, 2019, Petitioner filed a petition with the Court to confirm the FINRA arbitration award.[1] Petitioner states that he has not received any payments or correspondence from the Respondent since the date of the award. Compl., Ex. 2. On April 12, 2019, Petitioner submitted an affidavit to the Court certifying that all of the statements in his correspondence with the Court are true to the extent of his knowledge. Ledermann Aff. at 1. On April 15, 2019, Respondent sent a letter to the Court requesting that the Court dismiss Petitioner's motion because, under the customer agreement Petitioner signed when he opened an account with Respondent's firm, Petitioner was required to submit to binding arbitration. Dkt. No. 10. On May 6, 2019, the Court issued an order noting that, based on the information submitted to the Court, Petitioner appears to have complied with his contractual obligation to arbitrate. Dkt. No. 11. The order

---

[1] Ledermann's petition was thus filed one year and one day after the FINRA panel issued its award. The Second Circuit has held "that section 9 of the FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA." *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003). However, the Court notes that Ledermann's petition to confirm the FINRA arbitration award was received at the Daniel Patrick Moynihan United States Courthouse on February 27, 2019 and was not delivered to the Pro Se Intake Unit until February 28, 2019 due to internal delays. Under these circumstances, the Court finds that it is appropriate to invoke the doctrine of equitable tolling to excuse the approximately twelve-hour delay in Petitioner's filing. Petitioner "actively pursued his judicial remedies . . . during the statutory period." *Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 2d 363, 381-82 (S.D.N.Y. 2012) (quoting *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990)). He should not be held responsible for a short delay caused by the Court's internal processes. *See Emilio v. Sprint Spectrum L.P.*, No. 11-CV-3041 (JPO), 2016 WL 3748482, at *3 (S.D.N.Y. July 7, 2016) ("While equitable tolling applies 'only in rare and exceptional circumstances . . . it is sometimes necessary as a matter of fairness.'" (quoting *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013))).

further directed Respondent to show cause no later than May 22, 2019, as to why the Court should not confirm the Petitioner's arbitration award. *Id.* Respondent has not responded to that order.

## II. DISCUSSION

"[T]o avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, arbitral awards are subject to very limited review." *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016) (quoting *Folkway Music Publishers., Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993) (internal quotation marks omitted)). Confirmation of an arbitral award is generally a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected as prescribed in 9 U.S.C. §§ 10 and 11. *See Century Indem. Co. v. Certain Underwriters at Lloyd's London*, 11 Civ. 1040 (RJS), 2012 WL 104773, at *2 (S.D.N.Y. Jan. 10, 2012). Those statutory grounds for vacatur are: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

In reviewing arbitration awards under § 10(a)(4) of the FAA, a court "will uphold an award so long as the arbitrator 'offers a barely colorable justification for the outcome reached." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009)). "It is not enough . . . to show that the panel committed an error—or even a serious error. It is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that

3

his decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (internal citations and quotation marks omitted). "In other words, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *Jock*, 646 F.3d at 122 (quoting *ReliaStar*, 564 F.3d at 86).

The Court has reviewed the FINRA panel's decision, and finds the award to be well grounded in fact and law. Here, there is no indication that the panel's award was procured through fraud, dishonesty, or manifest disregard of the law, or that any other bases for vacating or modifying the award exist. Rather, the grounds for the panel's decision can be inferred from the facts of the case, and are binding on the parties. Accordingly, the award must be confirmed.

## III. CONCLUSION

For the reasons stated above, Ledermann's petition to confirm the arbitration award is GRANTED. The Clerk of Court is directed to enter judgment in favor of Petitioner in the amount of $419,080.11—which consists of the $413,045.11 in compensatory damages and $6,035.00 in interest awarded by the FINRA panel—and to close this case. The Clerk of Court is further directed to send a copy of this order to Plaintiff and Defendant by first-class and certified mail. The order should be sent to Defendant at his address of record and at the address shown on his correspondence to the Court, see Dkt. No. 10 at 4.

SO ORDERED.

Dated: June 17, 2019  
New York, New York

GREGORY H. WOODS  
United States District Judge